1
2
3
4
5
6
7
8

9       UNITED STATES DISTRICT COURT
10   CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION
11
12
13
14

15   MICHAEL TOTO,                    ) CV 07-07073 SH
                                      )
16                   Plaintiff,       ) MEMORANDUM DECISION
                                      )
17           v.                       )
                                      )
18   MICHAEL J. ASTRUE,               )
     Commissioner of Social Security  )
19   Administration,                  )
                                      )
20                   Defendant.       )
                                      )
21   _____)

22       This matter is before the court for review of the decision by the
23   Commissioner of Social Security denying Plaintiff's application for disability
24   benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case
25   may be handled by the undersigned. The action arises under 42 U.S.C. §405(g),
26   which authorizes the court to enter judgment upon the pleadings and transcript of
27   the record before the Commissioner. Plaintiff and Defendant have filed their
28   respective pleadings, Defendant has filed the certified transcript of the record, and

the parties have filed a Joint Stipulation. After reviewing the matter, the court concludes that the decision of the Commissioner should be affirmed.

## I. BACKGROUND PROCEEDINGS

Plaintiff Michael Toto filed a timely request for a hearing on April 5, 2005 after his concurrent application for Social Security disability benefits under Title II and Supplemental Security Income disability benefits ("SSI") under Title XVI benefits was denied in October, 2004. (Administrative Record 46-51). Plaintiff alleged an inability to work as of October 4, 2004 due to pain in his back, shoulder and foot, diabetes and mental problems. (AR 46). Plaintiff appealed the decision of the Commissioner and a hearing was held on October 24, 2006, before an Administrative Law Judge ("ALJ"). (AR 248-73). The ALJ denied Plaintiff both Title II and Title XVI benefits on January 24, 2007 on the grounds that his drug and alcohol abuse were a contributing factor material to the finding of disability and thus Plaintiff was not disabled. (AR 28-36). Plaintiff's request for review was subsequently denied by the Appeals Council. (AR 4). Plaintiff appealed to the district court pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).

## II. DISCUSSION

The sole issue in this case is whether the ALJ, on the basis of the evidence and testimony, properly evaluated Plaintiff's use of alcohol and drugs as required by the rules concerning whether Plaintiff would be capable of performing past relevant work when not using drugs and alcohol.

1. Standard of Review

Under 42 U.S.C. § 405(g)(1998), the court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by

substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla", Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (U.S. Or. Jun. 03, 1974) (NO. 73-6307); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971). The court is required to uphold the decision of the Commissioner where evidence is susceptible to more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

1. The ALJ Correctly Found Plaintiff Disabled under the Five-Step Disability Inquiry

In order to be eligible for Title II disability benefits, claimant must establish that the onset of disability occurred prior to the expiration of insured status under the Act. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). Here, since counsel conceded at the hearing that Plaintiff's date last insured on June 30, 2004 was before his alleged onset date of October 4, 2004 (AR 253); Plaintiff is not eligible for Title II benefits and is eligible only for SSI or Title XVI benefits. (AR 29, 253).

A claimant is disabled under Title XVI of the Social Security Act if he is unable to 'engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or … can be expected to last for a continuous period of not less than 12 months.' Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). To determine whether a claimant meets this definition, the ALJ conducts a five-step sequential evaluation that asks (1) whether the claimant is presently employed in substantially gainful activity; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment or combination of impairments 'meet or equal' one of the listed impairments described in Appendix 1 of the regulations; (4) whether the claimant is able to perform any past relevant work; (5) whether the claimant is capable of performing other kinds of work. Id. (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of showing steps one through four, while the Commissioner bears the burden in step five. Id.

In this case, the ALJ first examined Plaintiff's disability status by assessing his physical and mental problems and his drug and alcohol abuse. In step one, the ALJ concluded that although Plaintiff currently plays guitar on Venice Beach for tips, this did not amount to substantially gainful employment. (AR 29). Second, the ALJ determined that Plaintiff suffered from severe impairments with regard to his right shoulder, left foot, back conditions and diabetes. Id. The ALJ further determined that Plaintiff suffered from severe alcohol and drug dependence, but his mental impairments were not found to be severe. Id. Third, the ALJ found that none of these impairments met or equaled any listed impairment including musculoskeletal disorders, alcohol and drug dependence, or residuals from diabetes. Id. Fourth, the ALJ determined that because of his severe alcohol and drug dependence, Plaintiff suffered from problems of impulse control, low energy, and sustained concentration which would make him unable to perform past relevant work. (AR 30). In concluding that there was a link between Plaintiff''s inability to work and drug use, the ALJ pointed to a November 2004 note around the onset date in which Plaintiff admitted to using cocaine and alcohol daily and a

VA psychiatrist found that Plaintiff suffered from polysubstance abuse (AR 164). (AR 30). While Plaintiff argued that drug use was recreational and occasional, the ALJ noted that the record was replete with evidence of frequent drug use (AR 164, 214). (AR 30). Thus, taking Plaintiff 'as is', the ALJ found that he would be disabled. Id.

2. The ALJ Properly Denied Benefits to Plaintiff

    a. The ALJ Properly Found that Drug and Alcohol Abuse was a Contributing Factor Material to Plaintiff's Disability

A finding of disabled under the five-step inquiry does not automatically qualify a claimant for disability benefits. Parra, supra. Under 42 U.S.C. § 423(d)(2)(C), a claimant is not eligible to receive benefits when the claimant's alcohol or drug addiction is a contributing factor material to the Commissioner's determination that the individual is disabled. Id. The claimant has the burden of proving that drug and alcohol abuse (DAA) are not a contributing factor material to disability. Parra, supra, 481 F.3d at 748.

Under the current regulations, the ALJ must first decide whether the claimant is disabled. Bustamante v. Massanari, 262 F.3d 949, 956 (9th Cir. 2001). If the ALJ finds the claimant disabled under the five-step inquiry, the ALJ should then consider whether the claimant would be disabled if the claimant stopped using drugs and alcohol. Id.; Parra, supra, 481 F.3d at 747. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. Parra, supra.

In the case at hand, after the ALJ concluded that Plaintiff was disabled, the ALJ turned to the question of whether Plaintiff would be disabled without DAA. (AR 30). Thus, the ALJ examined Plaintiff's asserted physical and mental

limitations, if Plaintiff stopped using drugs and alcohol, to determine if there was a disability in the absence of DAA. Id.

The ALJ considered the reports of three examining physicans (See AR 31-34): Dr. Kopoian, who performed a psychological evaluation (AR 188-93); Dr. Workmon, who performed an orthopedic consultation (AR 195-99); and Dr. Benrazavi, who conducted a complete internal medicine evaluation (AR 119-24). The ALJ also took into consideration the reports of Plaintiff's own treating physician, Dr. Clyman (AR 149-84). (AR 31-33). Drawing from the reports of these physicians, the ALJ concluded that in absence of DAA, Plaintiff was capable of lifting 50 lbs occasionally and 25 lbs regularly (AR 30, 199) and standing and/or walking 6 hours in an 8-hour workday (AR 30, 199); thus, the ALJ concluded that Plaintiff was able to perform a full range of medium-level work (AR 30), including his past work as a caregiver. (AR 35).

The ALJ considered several of Plaintiff's physical conditions in determining that he was not disabled. (See AR 30-33). First, the ALJ looked to Plaintiff's complaints regarding pain in his right shoulder. (AR 31). The ALJ acknowledged that Plaintiff's treating physician, Dr. Clyman, had diagnosed Plaintiff with tendonitis in the right shoulder and stated that Plaintiff would not be able to work as a musician (AR 115); but the ALJ concluded that this report was undermined by Plaintiff's continued guitar playing on Venice Beach (AR 264). (AR 32). The ALJ further noted that Dr. Benzravi did not limit Plaintiff based on his shoulder. (AR 31-32, 122-23). Also, the ALJ acknowledged that Dr. Workmon noted mild limits on Plaintiff's shoulder (AR 197), but that Dr. Workmon still found that Plaintiff could perform over the shoulder work frequently (AR 199). (AR 32). Second, the ALJ considered Plaintiff's complaint's regarding his legs, knees and back. (AR 32). The ALJ placed emphasis on the reports of Dr. Workmon and Dr. Benzravi who found that Plaintiff's movements were in the normal range of motion

1  and there were no limits on Plaintiff's ability to work as a result of impairments in
2  these areas (AR 122-24, 197-99) . (AR 32)  Third, the ALJ considered Plaintiff's
3  receipt of 10% disability for his left foot. (AR 32, 253).  The ALJ noted that
4  despite findings of minor osteoarthritis (AR 123) and "cock up" deformities on
5  toes (AR 198), Plaintiff was determined by both Dr. Workmon and Benzravi to
6  have a normal gait and no need for an assistive walking device (AR 123, 197).
7  (AR 32).  Finally, the ALJ looked to limitations that resulted from Plaintiff's
8  hypertension and diabetes. (AR 33).   The ALJ took note of Dr. Clyman's report
9  that Plaintiff is normotensive with medication (AR 117), and Drs. Workmon and
10 Benzravi's findings that he was not limited by hypertension and in fact had normal
11 blood pressure (AR 121, 196-99).  (AR 32).  With respect to diabetes, the ALJ
12 noted that according to his own treating physician, Plaintiff was in poor
13 compliance with his medications (AR 118, 161), and while the VA reports mention
14 sensory neuropathy, this condition is not associated with objective findings. (AR
15 32).

16    The ALJ also took into consideration Plaintiff's asserted mental problems
17 including anxiety and worry.  The ALJ noted inconsistencies in the record
18 regarding Plaintiff's mental state, including a negative screen for depression in
19 2006 (AR 222), and repeated denials of psychiatric issues (AR 214).  The ALJ also
20 compared the record to Plaintiff's statements during his exam with Dr. Kopoian,
21 such as his statement that he thinks about suicide a "lot" (AR 189) despite denials
22 of such thoughts in past VA records (AR 214).  Plaintiff presently argues that the
23 assessment by Dr. Kopoian which assigned Plaintiff a Global Assessment of
24 Functioning (GAF) score of 50 (AR 188-93) , was not given due weight by the
25 ALJ. (Joint Stipulation at 4).  The ALJ directly references Dr. Kopoian's report of
26 Plaintiff, emphasizing that Dr. Kopoian found Plaintiff to have a normal mental
27 status and believed Plaintiff to be exaggerating some of his symptoms. (AR 34,
28

192). The ALJ also notes that Dr. Kopoian's low GAF score was inconsistent with his assessment of Plaintiff's work functions, namely that Plaintiff is capable of performing complex and detailed tasks, and thus the ALJ adopts the latter as a better reflection of Plaintiff's ability. (AR 34, 192). The ALJ cites Dr. Kopoian's findings to conclude that Plaintiff can work appropriately with others and handle week-to-week activity. (AR 34).

Therefore, the ALJ relied on substantial evidence in finding that Plaintiff was not disabled in the absence of drug and alcohol abuse as Plaintiff did not suffer from a medically determinable condition that would prevent him from performing past relevant work.

### b. The ALJ Properly Found that the Plaintiff was not Credible

If the ALJ chooses to disregard a claimant's testimony, the ALJ must set forth specific, cogent reasons for disbelieving it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). In evaluating a claimant's credibility, the ALJ may consider the claimant's reputation for truthfulness, inconsistencies within the claimant's testimony or as between his testimony and conduct, as well as testimony from physicians concerning the nature, severity and effect of the symptoms of which the claimant complains. Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). The unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be sufficient to discredit an allegation of disabling pain. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

In the case at hand, the ALJ considered the Plaintiff's pain allegations regarding his back, foot, and shoulder conditions. (AR 254). The ALJ disregarded this testimony due to a belief that Plaintiff was not credible. (See 30-31). The ALJ set out several inconsistencies between Plaintiff's testimony and the record, as well as other evidence in choosing to discredit Plaintiff's pain allegations. First, the

ALJ noted that the Plaintiff describes himself as a recreational drug user (AR 254), even though he has made frequent admissions of regular and frequent drug and alcohol use (AR 164, 214). (AR 30-31). Second, Plaintiff states throughout the record that he takes marijuana for medicinal reasons, such as in his examination with Dr. Kopoian (AR 189) and in his testimony at the hearing (AR 256), but no doctor has ever prescribed this as treatment for Plaintiff. (AR 31, 256). Also, the ALJ stated that Plaintiff's credibility was diminished by Dr. Kopoian's examination, which asserted that Plaintiff likely exaggerated symptoms on some of the tests. (AR 31, 191-92). In addition, the ALJ emphasizes that Plaintiff testified he had not used illegal drugs for three months (AR 254-55), when in fact there were records admitting more recent drug use (AR 214). (AR 31). Finally, the ALJ noted that Plaintiff's unexplained non-compliance with diabetic treatments has likely worsened his condition (AR 31), which served as another basis to question Plaintiff's allegations of disabling pain.; Fair, supra.

Thus, the ALJ had specific, cogent reasons to discredit Plaintiff's pain allegations and to find that Plaintiff was not disabled.

### III.   ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed.

DATED: June 18, 2009

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE